**James C. DAVIS, Petitioner,**

v.

**GENERAL SERVICES
ADMINISTRATION,
Respondent.**

**No. 01–3238.**

United States Court of Appeals,
Federal Circuit.

Dec. 12, 2001.

Before NEWMAN, CLEVENGER, and
SCHALL, Circuit Judges.

PER CURIAM.

James C. Davis seeks review of the final decision of the Merit Systems Protection Board ("Board"), which affirmed the June 29, 1998, decision of the General Services Administration ("agency") denying Mr. Davis's request for credit as a law enforcement officer for purpose of retirement benefits under the Federal Employees' Retirement System ("FERS"). *Davis v. Gen. Servs. Admin.*, No. AT0842980992–1–3, 88 M.S.P.R. 303 (April 4, 2001). We *affirm*.

I

Mr. Davis was hired in 1997 as a Federal Police Officer, GS–0083–08, with the Federal Protective Service, General Services Administration, in Atlanta, Georgia. He is covered by FERS. He applied to the agency for a determination that he qualifies for law enforcement officer ("LEO") credit for purposes of his retirement benefits. After the agency denied his request, he sought review before the Board. On March 31, 2000, an Administrative Judge of the Board affirmed the agency's finding, after a complete review of the record before the Board. Upon review of that record, the Administrative Judge concluded that Mr. Davis did not "prove that his primary duties include the investigation, apprehension and detention of individuals suspected or convicted of *criminal offenses against the U.S.* or the protection of U.S. officials against threats to their personal safety." Proof of such primary duties is a prerequisite to showing entitlement to LEO benefits. *See* 5 U.S.C. § 8401(17)(A) (2000).

In deciding whether Mr. Davis meets the statutory definition for entitlement to LEO benefits, the Administrative Judge considered all the evidence concerning the duties performed by Mr. Davis.

Although Mr. Davis was stationed in Atlanta, he testified that he spent more of his time on details working outside Atlanta. Upon a review of those activities, the

Administrative Judge concluded that they did not entail "investigations of suspected criminal activity." With regard to Mr. Davis's activities in Atlanta, the Administrative Judge similarly concluded that those activities were "other than investigating known or suspected criminals...." Thus, the evidence before the Board led the Administrative Judge to hold that Mr. Davis could not satisfy the statutory definition for entitlement to LEO benefits. In short, Mr. Davis failed to produce facts to show that his primary duties entail law enforcement activities with regard to criminal offenses against the United States.

Mr. Davis unsuccessfully sought review by the Board of the decision of the Administrative Judge, and he timely seeks review in this court of the decision of the Administrative Judge, which became the final decision of the Board when the Board declined Mr. Davis's petition for review.

## II

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. When the Board's final decision rests on findings of fact, we must accept those findings unless they are shown to lack substantial evidence to support them. *See* 5 U.S.C. § 7703(c).

In his brief to this court, Mr. Davis does not challenge any of the findings of fact made by the Board. Those findings led to the legal conclusion that Mr. Davis's primary duties do not entail activities directed at offenses against United States law. As such, Mr. Davis cannot qualify for LEO credit, as a matter of statutory interpretation.

Rather than address the basis for the decision in his case, Mr. Davis directs his briefs to a decision of the Board reached after the decision of the Administrative Judge in his case. In that case, *Watson v.*

*Dept. of the Navy,* 86 M.S.P.R. 318 (July 17, 2000), the Board held that when determining LEO eligibility it must consider not only the factual nature of the primary duties of a law enforcement officer, but also must consider the reasons for the creation and existence of the position as expressed in the relevant agency job description documents.

Mr. Davis reads the Board's decision in *Watson* to diminish the importance of the facts concerning actual job duties, in favor of literal reading of the agency's written job description. He contends that such a diminishment is legally incorrect. The unstated thrust of Mr. Davis's brief is that the Board applied the *Watson* standard in his case, to his detriment.

As the government points out in its brief, the decision of the Administrative Judge in this case precedes the Board's *Watson* decision. It is true that by the time the full Board denied Mr. Davis's petition for review, it had decided the *Watson* case. Because substantial evidence supports the decision of the Administrative Judge in this case that Mr. Davis cannot meet the statutory definition for LEO credit, the full Board cannot be faulted for declining on Mr. Davis's petition for review to ascertain whether the agency's job description might lend support to Mr. Davis's argument that he occupies an LEO position. Regardless of the agency's written description of a particular job, if the actual activities in that job, as shown by the facts of the case, fail to satisfy the statutory test for eligibility, then words in a job description cannot supply statutory justification for LEO credit. *See Watson v. Dept. of the Navy,* 262 F.3d 1292, 1301 (Fed.Cir. 2001).

Furthermore, to the extent that Mr. Davis argues that *Watson* was wrongly decided by the Board, that argument fails in the light of our precedential decision in

the appeal of the *Watson* case. On appeal, we held that the Board does not err by assessing the purpose for which a particular job is created or for which it exists. That consideration is simply a part of the overall assessment of the primary duties performed by a law enforcement officer. *Id.* at 1299. The bottom-line test, which must be met in every case of LEO credit entitlement, is that the primary duties must entail investigation and apprehension of those who violate federal criminal law. Law enforcement officers who cannot make that showing cannot qualify for the benefits of LEO credit. Since Mr. Davis does not contest the facts found by the Board, we have no choice but to affirm its decision that the primary duties of his job do not satisfy the statutory test for entitlement to LEO benefits.

Even though a law enforcement officer may not qualify for LEO credit, we think the Administrative Judge in this particular case correctly understood the limited effect of his findings, when writing at the conclusion of the Board's decision:

> My finding is not intended to diminish the significant role the appellant plays in maintaining law and order and assuring safety to the Atlanta population of federal employees and the public. It is also not intended to diminish the law enforcement nature of the appellant's position. The appellant ... [is] part of an impressive cadre of individuals who take their job and their mission very seriously and without whom federal employees could not work safely and securely.

In this case, Mr. Davis deserves the praise offered by the Board, but we must affirm the decision that he does not qualify under FERS for LEO retirement benefits.